UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>V.<br><br>MARK EDMOND BROWN, JR.,<br><br>Defendant/Petitioner. | CRIMINAL ACTION<br>NO. 5:12-79-KKC-CJS<br><br>CIVIL ACTION<br>NO. 5:14-7341-KKC-CJS<br><br><br>OPINION & ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion of defendant Mark Edmond Brown, Jr., to vacate, set aside, or correct his federal sentence. (DE 886).

For the following reasons, the report and recommendation issued by United States Magistrate Judge Candace J. Smith (DE 1208) on Brown's motion is **ADOPTED**, Brown's motion under 28 U.S.C. § 2255 (DE 886) is **DENIED**, and no certificate of appealability will be issued.

## I. Background

Magistrate Judge Smith's report and recommendation more fully details the facts of this case, and that rendition is hereby incorporated by reference. (DE 1208). The following timeline will suffice for purposes of this opinion.

Brown was indicted by a federal grand jury on multiple counts in August 2012. (DE 20). Several superseding indictments followed. (DE 179; DE 337; DE 472). On April 5, 2013, Brown pled guilty to a lesser included offense set forth in Count 2 of the fourth superseding

1

indictment (DE 472): that is, one count of conspiracy to distribute 500 grams or more of cocaine but less than five kilograms. (DE 569; DE 728).

As part of his plea agreement with the United States, Brown waived his right to appeal and to collaterally attack his guilty plea, conviction, and sentence. (DE 570, Plea Agreement ¶ 8). However, Brown reserved his right to appeal his sentence if it were greater than 108 months. (DE 570, Plea Agreement ¶ 8). Brown was sentenced to 108 months of imprisonment. (DE 728). At his sentencing hearing, Brown was informed of his right to appeal and that a notice of appeal would need to be filed within fourteen days from the date of the entry of the written judgment. (DE 719). Brown's sentence was later reduced to 87 months of imprisonment. (DE 1084).

## II. Discussion

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). A defendant may prevail on a § 2255 motion alleging a non-constitutional error by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted).

2

In his motion, Brown asserts three grounds for relief. First, Brown argues that he was denied the effective assistance of counsel by several actions of his trial counsel, R. Tucker Richardson, III. Here, Brown contends that Richardson failed to conduct an independent investigation into the evidence and witnesses, failed to review discovery materials with Brown, advised Brown to enter a false guilty plea to an alleged drug conspiracy that the evidence did not support, and relayed improper threats from the prosecutor to Brown that his mother would be indicted if he did not plead guilty. The Court will refer to these assertions as "Ground One."

Second, Brown argues that he was denied the effective assistance of counsel by Richardson's failure to file a notice of appeal despite being told to do so by Brown. The Court will refer to this assertion as "Ground Two."

Third, Brown argues that he was denied due process and the effective assistance of counsel where the prosecutor and Richardson deliberately violated Brown's right to a speedy trial while attempting to coerce Brown into pleading guilty to avoid a jury trial. The Court will refer to this assertion as "Ground Three."

The United States responded to the issues raised in Brown's motion (DE 929; DE 964), and Magistrate Judge Smith held an evidentiary hearing on Ground Two (DE 1066).

In a fifty-eight page report and recommendation, Magistrate Judge Smith recommended that Brown's motion be denied and that no certificate of appealability be issued. (DE 1208). Magistrate Judge Smith directed Brown's appointed counsel, Richard Melville, to file objections on Brown's behalf concerning Ground Two. Brown was permitted to file *pro se* objections to any other finding or recommendation by Magistrate Judge Smith.

Melville filed objections for Brown on Ground Two. (DE 1211). Brown also filed his "Opposition and Objections to U.S. Magistrate Report and Recommendation." (DE 1213). However, Brown's *pro se* objections are largely incomprehensible. Although the Court is to

3

construe *pro se* filings liberally, this duty does not require the Court to make Brown's arguments for him. *See United States v. Smith*, Civil No. 09-7099-DLB-CJS, Criminal No. 06-cr-84-DLB-CJS, 2010 WL 5391538, at *1 (E.D. Ky. Dec. 21, 2010). The Court will review *de novo* the issues to which discernable objections have been made.

However, to the extent no specific written objections to Magistrate Judge Smith's report and recommendation (DE 1208) have been made, the reasoning and conclusions contained therein will be adopted by the Court.

Brown primarily argues that Richardson provided ineffective assistance of counsel. Such claims are governed by the Sixth Amendment, which states in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A defendant who claims that he was denied effective assistance of counsel in violation of the Sixth Amendment must show two components. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* A defendant must make both showings, for otherwise, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

4

    a. **Objections relating to Ground One**

        i. **Discovery arguments**

In his objections, Brown first contends that Richardson provided ineffective assistance of counsel with respect to Richardson's handling of discovery in this case. Here, Brown argues that, if his attorney had received full discovery under Rule 16, Brown could have compelled his attorney to file a motion to dismiss based on false evidence and insignificant information of guilt. (DE 1213, Objections at 2). Brown also avers that his attorney knew certain discovery did not provide "new material" evidence and that the government carried out a false charge against him. (DE 1213, Objections at 2).

A review of the record in this case demonstrates Brown's arguments under this theory are meritless. Indeed, Brown has not provided the Court with any facts to demonstrate that Richardson's actions "were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Richardson filed requests for discovery on behalf of Brown (DE 371; DE 372), and Richardson's affidavit demonstrates that he made a thorough investigation into the facts of this case (DE 930-1). Because Brown has not shown his counsel's actions in relation to discovery were deficient, the Court need not address whether Brown was prejudiced by any alleged omissions by Richardson. *See Strickland*, 466 U.S. at 687.

        ii. **Investigation arguments**

Next, Brown claims Richardson failed to conduct an independent investigation. However, the record demonstrates Brown's contentions are false. Instead, Richardson states under oath that he interviewed numerous potential witnesses at his office and elsewhere as he prepared for trial. (DE 930-1, Richardson Aff. ¶ 6). Richardson also states that he conducted an independent investigation into the identity and background of the main informant to prepare for the informant's cross-examination at trial, including reviewing more than 1,000 phone calls between the informant and Brown. (DE 930-1, Richardson Aff. ¶ 6). In addition,

Richardson states that he conducted an independent investigation as to the numerous state cases that the government intended to introduce as 404(b) evidence at trial. (DE 930-1, Richardson Aff. ¶ 6).

On these facts, the Court finds Brown has again failed to show Richardson's actions were deficient, and the Court will not address whether there was any prejudice to Brown.

### iii. Other arguments

In his § 2255 motion, Brown argues that his attorney improperly relayed threats to him from the prosecutor that, if he did not plead guilty, the government might seek to indict his mother. However, in his objections, Brown only mentions the word "threats" once and only in a sentence that is difficult to understand. (DE 1213, Objections at 2). The Court does not view this as a specific objection to Magistrate Judge Smith's analysis on the issue of prosecutorial threats, and as such, the Court will adopt Magistrate Judge Smith's reasoning on the issue.

In sum, because Brown has not put forth facts to support any of his theories related to Ground One of his § 2255 motion, he has not demonstrated to the Court that his guilty plea was anything other than voluntary, knowing, and intelligent when made. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (discussing representations made at plea hearing as constituting "a formidable barrier" in any subsequent collateral proceedings).

**b. Objections relating to Ground Two**

The second ground asserted by Brown in his motion under 28 U.S.C. § 2255 is that Richardson provided him with constitutionally ineffective assistance of counsel by failing to file a notice of appeal after being instructed to do so by Brown.

Under Sixth Circuit precedent, "even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant

to relief in the form of a delayed appeal." *Campbell*, 686 F.3d at 360. This results from an application of the *Strickland* framework.

In determining whether counsel's actions were deficient, the Court first asks whether the defendant expressly instructed his counsel to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003). The Supreme Court has long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable, *i.e.*, deficient. *Flores-Ortega*, 528 U.S. at 477.

However, in the case where the defendant has not given his counsel an express instruction to file an appeal, the antecedent question to ask is whether counsel in fact consulted with the defendant about an appeal. *Id.* at 478. "Consult" has been defined as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.*

If counsel has consulted with the defendant, he will have provided deficient performance if he failed to follow the defendant's express instructions with respect to an appeal. *Id.* On the other hand, if counsel has not consulted with the defendant, the Court must ask whether counsel's failure to consult with the defendant itself constituted deficient performance. *Id.*

This aspect of the deficient performance analysis requires the Court to determine whether counsel had a constitutionally imposed duty to consult with the defendant about an appeal. *Id.* at 480. That duty applies "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." *Id.*

As for prejudice, a defendant must demonstrate that, but for counsel's deficient conduct, he would have appealed. *Id.* at 486.

Because of the conflicting claims made by Brown (DE 886-1) and Richardson (DE 964-1), Magistrate Judge Smith held an evidentiary hearing on Ground Two. (DE 1066). Brown was represented by appointed counsel at the hearing. (DE 1100, Tr. at 1) (stating Mark A. Flores appeared as counsel for the defendant).

At the hearing, Brown's wife, Tareva, testified that Brown wanted to appeal because he felt that he did not "deserve what he got." (DE 1100, Tr. 19:22–23). Tareva Brown stated that she was on a phone call with Brown and Richardson and heard Brown tell Richardson that Brown wanted to appeal. (DE 1100, Tr. 13:4–13). In addition, Tareva Brown testified that she felt like Richardson was just stalling in filing an appeal and that Richardson did not want to appeal Brown's case. (DE 1100, Tr. 13:25, 14:1). She also testified that Richardson "basically said that he's not going to appeal it." (DE 1100, Tr. 26:13–14).

Next, Brown's cousin, Brian Cowan, testified that Brown did not agree with Richardson's representation of Brown. (DE 1100, Tr. 30:5–9). Cowan also testified that he believed Brown was going to ask Richardson to file a notice of appeal. (DE 1100, Tr. 30:20–23). However, Cowan testified that he did not speak to Richardson on Brown's behalf after Brown's sentencing. (DE 1100, Tr. 33:21–23).

During her testimony, Brown's mother, Vada Haley, stated that she knew her son would want to file an appeal "if he lost in any way." (DE 1100, Tr. 38:15–16). Haley testified that she had told Brown that Richardson had told her an appeal would be a waste of time and that Brown responded that he would look into it. (DE 1100, Tr. 39:1–8). Haley testified that when she spoke to Richardson after Brown's sentencing that she was inquiring on her own as to what needed to happen. (DE 1100, Tr. 43:9–11).

8

Brown testified that he told Richardson to appeal and that he told Richardson multiple times that he wanted to appeal. (DE 1100, Tr. 52:4, 54:10–13).

The United States called Richardson as a witness, and his testimony reiterated statements made in his supplemental affidavit (DE 964-1). Richardson testified that neither Brown nor members of his family had ever requested, directly or indirectly, that Richardson file a notice of appeal. (DE 1100, Tr. 70:10–19). Richardson also testified that he had gone through his case file on Brown and "there was no correspondence where Mr. Brown requested [Richardson] to file a notice of appeal." (DE 1100, Tr. 73:25, 74:1–2).

In her report and recommendation, Magistrate Judge Smith found that neither Brown nor any of his family expressly directed Richardson to file a notice of appeal on Brown's behalf. She then determined that Richardson had no constitutional duty to consult with Brown about an appeal.

In his objections, filed by attorney Melville, Brown first argues against Magistrate Judge Smith's conclusion that the actions of Brown's family members did not equate to an actual instruction to appeal. On this point, "Mr. Brown objects and states that trial counsel was told enough times by two people that Mr. Brown wanted to appeal which should be rationally taken as an instruction to appeal, and that Mr. Brown did specifically instruct trial counsel to appeal." (DE 1211, Objections at ¶ 1).

Next, Brown objects to Magistrate Judge Smith's giving credibility to Richardson's testimony that neither Brown nor his family members had instructed Richardson to appeal, but not to Brown's testimony that he had done so. "Mr. Brown objects and seeks a ruling from the District Court as to his credibility on the issue." (DE 1211, Objections at ¶ 2).

Brown also seeks a determination from this Court on the issue of whether trial counsel had a constitutional duty to consult with him on an appeal, and he objects to the

9

recommendation by Magistrate Judge Smith that this Court should not issue a certificate of appealability on the issue. (DE 1211, Objections at ¶ 3).

Brown bears the burden to establish by a preponderance of the evidence that he expressly requested that Richardson file a notice of appeal on his behalf and that Richardson failed to do so. *United States v. Vice*, Criminal Action No. 5:11-142-DCR, Civil Action No. 5:13-7281-DCR-CJS, 2014 WL 1168619, at *7 (E.D. Ky. March 21, 2014) (citing *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980))).

Upon review of the record, the Court finds Brown has not carried his burden. Instead, in this game of he-said-he-said, nothing has pushed Brown's claims over the more-likely-than-not threshold required by law.

Next, the Court must determine whether Richardson consulted with Brown about an appeal. For the sake of this opinion, the Court will assume that Richardson did not consult with Brown. Thus, the Court must ask whether Richardson had a constitutional duty to consult with Brown about an appeal because there was reason to think either (1) that a rational defendant would want to appeal or (2) that Brown reasonably demonstrated to Richardson that Brown was interested in appealing. *Flores-Ortega*, 528 U.S. at 480.

Here, no rational defendant would have wanted to appeal if placed in Brown's shoes. Instead, Brown was able to plead guilty to a lesser included offense and to have the most serious charge against him dropped. Additionally, Brown's plea agreement contained a waiver of Brown's rights to appeal and to collaterally attack the guilty plea, conviction, and sentence unless his sentence was more than 108 months, and he was originally sentenced to 108 months of imprisonment.

Further, the Court finds that none of the evidence shows that Brown or his family reasonably demonstrated to Richardson that Brown was interested in appealing. Instead,

10

Richardson explained in his supplemental affidavit, and at the evidentiary hearing, that neither Brown nor any of his family members informed Richardson to file a notice of appeal on behalf of Brown and that, if Brown had told Richardson he wanted to appeal, Richardson would have explained that Brown had no valid grounds for an appeal. (DE 964-1, Richardson Supp. Aff. ¶ 4). Further, Richardson stated that, if Brown had insisted on filing a notice of appeal, Richardson would have filed the notice of appeal and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). (DE 964-1, Richardson Supp. Aff. ¶ 5).

Under these circumstances, particularly in light of the fact that Richardson negotiated a highly beneficial plea agreement for Brown compared to the potential sentence he faced if convicted at trial, Richardson's performance was not deficient. Because Brown has failed to show that Richardson provided deficient counsel, the Court will not address whether Brown suffered any prejudice by Richardson's not filing a notice of appeal on behalf of Brown.

**c. Objections relating to Ground Three**

The last ground Brown argues in his § 2255 motion is that he was denied due process and the effective assistance of counsel where the prosecutor and Richardson "deliberately violated Brown's right to a speedy trial while attempt[ing] to coerce Brown into pleading guilty to avoid a jury trial." (DE 886-1, Mem. at 14).

In his objections, Brown has not specifically objected to Magistrate Judge Smith's calculations under the Speedy Trial Act. As such, the Court will not address those calculations and finds no violation of the act occurred.

Further, Brown has not alleged facts to support his theory for relief as to a violation of his constitutional right to a speedy trial. In *Barker v. Wingo*, the Supreme Court set out four factors for courts to consider in determining whether there has been a constitutional speedy trial violation: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. 407 U.S. 514, 530 (1972).

11

In this case, the delay from Brown's initial indictment until his guilty plea was around eight months. Because authority exists that eight months can, in certain circumstances, be considered "presumptively prejudicial," the Court will consider the other *Barker* factors. *United States v. Chew*, 497 F. App'x 555, 558 (6th Cir. 2012) (citing *United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007)). Yet, consideration of these factors counsels against finding a constitutional violation occurred.

The reason for the delay was the return of multiple superseding indictments. However, Brown has not shown those indictments were returned in bad faith or were otherwise improper. Brown also has not shown that he asserted his right to a speedy trial before filing his § 2255 motion. Moreover, the Court must consider whether Brown has been prejudiced by the delay. Prejudice is assessed in light of the interests of defendants that the speedy trial right was designed to protect: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532.

The Court finds that Brown's claims that the prosecution and his attorney acted in concert to improperly delay the proceedings are wholly contradicted by the record. Although Richardson filed numerous pretrial motions on behalf of Brown, such filings were made to preserve and exercise Brown's rights in anticipation of trial. (DE 929-1, Richardson Aff. ¶ 7). In fact, one of Richardson's pretrial motions on behalf of Brown was a motion to suppress, which was partially sustained by this Court. (DE 929-1, Richardson Aff. ¶ 7; DE 384; DE 526). Upon review, the Court does not find Richardson's actions in this regard to have been deficient. Instead, the Court finds that no constitutional violation occurred on these facts, either under a speedy trial or an ineffective assistance of counsel theory.

**d. Remaining arguments**

Brown seeks an evidentiary hearing on the other claims raised in his § 2255 motion. In his objections, Brown erroneously claims that Magistrate Judge Smith did not properly rule on this request, but the record reflects that she did. (*See* DE 1053; DE 1066). Moreover, the Court need not hold such a hearing because the record demonstrates that Brown is not entitled to relief. *See* 28 U.S.C. § 2255(b). As such, Brown's request for an expanded evidentiary hearing will be denied.

**e. Certificate of appealability**

Under 28 U.S.C. § 2253, a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Brown has not made a substantial showing of the denial of a constitutional right because he has not shown that reasonable jurists could debate the denial of his § 2255 motion or that the issues presented are adequate to deserve encouragement to proceed further. *See id.* Thus, no certificate of appealability will be issued.

### III.   Conclusion

Because Brown has not shown that he is entitled to relief on any of the grounds raised in his motion under 28 U.S.C. § 2255, his motion will be denied.

Accordingly, it is hereby **ORDERED** that:

(1) Magistrate Judge Smith's report and recommendation (DE 1208) is **ADOPTED**;

(2) Brown's objections (DE 1211; DE 1213) to Magistrate Judge Smith's report and recommendation are **OVERRULED**;

(3) Brown's motion under 28 U.S.C. § 2255 is **DENIED**;

(4) A certificate of appealability **SHALL NOT** issue with respect to any matter or claim raised in this proceeding; and

(5) A judgment in favor of the United States will be separately issued.

Dated July 17, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY