UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARK EDMOND BROWN, JR.,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:12-79-KKC<br><br><br>OPINION AND ORDER |

*** *** ***

Defendant Mark Edmond Brown, Jr., petitions the Court for a writ of *coram nobis*, moving to vacate and set aside his sentence. (DE 1422.) For the following reasons, the Court denies the petition.

### I.  Background

On April 5, 2013, Defendant Mark Edmond Brown, Jr., pleaded guilty to one count of conspiracy to distribute cocaine. (DE 570 ¶ 1.) Paragraph 8 of Defendant's plea agreement reads, "The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction and sentence. The Defendant reserves the right to appeal his sentence if his sentence is greater than 108 months." (DE 570 ¶ 8.) Defendant's plea agreement further states, "The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary." (DE 570 ¶ 15.)

Defendant entered his guilty plea during his rearraignment hearing. (DE 873.) At his rearraignment hearing, the Court confirmed that Defendant understood all of the terms and conditions of his plea agreement, and that nobody threatened or coerced him into entering the plea agreement. (Rearraignment Hr'g Tr. 9:14-10:6.) The Court also specifically discussed Paragraph 8 of Defendant's plea agreement:

> THE COURT: Now, in Paragraph 8 of your plea agreement, it says that you are going to waive or give up your right to appeal or to file a separate lawsuit attacking your guilty plea and your conviction, and you have specifically reserved or preserved your right to appeal any sentence that might be greater than 108 months. So if I should sentence you to more than 108 months, you can take that to a higher court and challenge it, but if I sentence you to less than 108 months you won't be able to file an appeal.
>
> DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that?
>
> DEFENDANT: Yes, ma'am.

(Rearraignment Hr'g Tr. at 17:6-17.)

The Court sentenced Defendant to exactly 108 months of imprisonment and 5 years of supervised release. (DE 728 at 2-3.) The Court later reduced Defendant's sentence to 87 months. (DE 1084.) Defendant was released from custody on September 1, 2017. (DE 1422 at 1.)

On April 27, 2020, Defendant filed a petition for a writ of *coram nobis*, seeking to vacate and set aside his sentence. (DE 1420; DE 1422 at 1, 22.) In his petition, Defendant argues that he is entitled to relief because (1) the Court lacked subject-matter jurisdiction over the superseding indictment and the lesser-included offense to which Defendant pleaded guilty; (2) the Government engaged in prosecutorial misconduct; (3) Defendant's attorney did not investigate or file a motion to discover evidence in the Government's possession; and (4) Defendant's attorney misadvised him as to the basis for and consequences of his plea. (DE 1422 at 1-2, 20-21.)

**II.    Analysis**

"The writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer in custody and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *United States v. Castano*, 906 F.3d 458, 462 (6th Cir. 2018) (citations and quotation marks omitted). A defendant may waive his right to collaterally attack his sentence in a plea agreement, as long as the waiver was knowing and voluntary. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, such a waiver is not enforceable if the defendant collaterally attacks the validity of the waiver itself. *See id.*

Here, Defendant waived his right to collaterally attack his sentence and therefore, his right to seek a writ of *coram nobis*, in Paragraph 8 of his plea agreement: "The Defendant waives . . . the right to attack collaterally the . . . sentence." (DE 570 ¶ 8.) This waiver is enforceable because it was knowingly and voluntarily made. The terms of Defendant's plea agreement provided that he understood its terms and that the agreement was voluntary, which the Court verified during the rearraignment hearing where Defendant entered his guilty plea. *See United States v. Auchi*, Criminal Action No. 2:07-83-DCR, Civil Action No. 2:09-7085-DCR, 2010 WL 323418, at *1 (E.D. Ky. Jan. 20, 2010) ("And any argument that the Petitioner's plea was unknowing or involuntary is refuted by the terms of the Plea Agreement as well as the colloquy with the Court during which the guilty plea was accepted."). Moreover, the Court also discussed the waiver with Defendant, who again confirmed that he understood the effect of the waiver. Defendant did not specifically challenge the waiver's validity in his petition; indeed, he did not reference the waiver at all. *Acosta*, 480 F.3d at 422 ("In prior cases where we have enforced a waiver provision, it has been clear that the defendant did not articulate a basis for attacking the validity of his plea.") To the extent that Defendant claims his attorney did not adequately advise him regarding

3

the basis for or consequences of his plea, that claim is also contradicted by the terms of Defendant's plea agreement and his discussion with the Court during his rearraignment hearing.

Because Defendant's waiver of his right to collaterally attack his sentence is enforceable, Defendant may not petition the Court for a writ of *coram nobis* to vacate and set aside his sentence. Therefore, the Court must deny his petition.[1]

### III. Conclusion

The Court hereby ORDERS that Defendant Mark Edmond Brown, Jr.'s petition for a writ of *coram nobis* is DENIED. (DE 1422.)

Dated December 14, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[1] Brown appears to request either the disclosure of or *in camera* review of the grand jury testimony related to the indictments brought against him. (DE 1422 at 10-11.) The Court may only authorize disclosure of grand jury testimony at the request of the defendant if the defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Defendant has not made such a showing here, and accordingly, Defendant's request is denied.