UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARK EDMOND BROWN, JR.,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:12-79-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

For a second time, Defendant Mark Edmond Brown, Jr., petitions the Court for a writ of coram nobis, moving to vacate and set aside his sentence. (DE 1611.) For the following reasons, the Court denies the petition.

## I.     Factual and Procedural Background

On April 5, 2013, Defendant Mark Edmond Brown, Jr., pleaded guilty to one count of conspiracy to distribute cocaine. (DE 570 ¶ 1.) The Court sentenced Brown to 108 months of imprisonment and 5 years of supervised release. (DE 728 at 2-3.) The Court later reduced Brown's sentence to 87 months. (DE 1084.) Brown was released from custody on September 1, 2017. (DE 1422 at 1.)

On April 27, 2020, Brown filed his first petition for a writ of coram nobis, seeking to vacate and set aside his sentence. (DE 1420; DE 1422 at 1, 22.) This Court denied that petition, finding that Brown waived his right to collaterally attack his sentence in his plea agreement and that he did not otherwise challenge the validity of that waiver. (DE 1479 at 3.) On appeal, the Sixth Circuit affirmed this Court's decision. (DE 1576.)

1

Now, Brown petitions this Court again for a writ of coram nobis, apparently challenging the validity of the waiver provision found in his plea agreement. (DE 1611 at 4). He argues that "the plea agreement itself was a product of ineffective assistance of counsel" because his lawyer advised him to admit to the "uncharged" allegation of crack cocaine possession, failed to address statute of limitations issues during his plea negotiations, and failed to raise due process challenges. (*Id.* at 5, 7-18.) Separately, Brown also claims that this Court lacked personal and territorial jurisdiction over his proceedings. (*Id.* at 18-21.)

In the affidavit filed alongside his petition, Brown states, "Coram nobis relief is necessary to remedy the continuing civil disability associated with my conviction, the realistic threat of future sentencing hearings treating me as a recidivist offender, and reputational harm." (DE 1611-1 ¶ 11.) He concludes, "I do not want to face the remainder of my life branded as a criminal, and a conviction of a felony imposes a status upon me which not only makes me vulnerable to future sanctions through new civil disability statutes, but also seriously affects my reputation and economic opportunities." (*Id.* ¶ 12.)

**II.     Analysis**

"The writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer in custody and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *United States v. Castano*, 906 F.3d 458, 462 (6th Cir. 2018) (citations and quotation marks omitted). "The writ is so extraordinary that it is used only in 'circumstances *compelling* such action to achieve justice.'" *United States v. Waters*, 770 F.3d 1146, 1147 (6th Cir. 2014) (emphasis in original) (quoting *United States v. Morgan*, 346 U.S. 502, 511). Due to the extraordinary nature of the writ, coram nobis relief is subject to several limitations. *Castano*, 906 F.3d at 463.

2

One limitation is the need to remedy an "ongoing civil disability" resulting from the relevant conviction. *Id.* Therefore, a petitioner must show that an "ongoing civil disability" warrants coram nobis relief. *See Waters*, 770 F.3d at 1147-48. An ongoing civil disability will not warrant coram nobis relief unless the disability meets the following three-part test: "First, the disability must be causing a present harm; *it is not enough to raise purely speculative harms* or harms that occurred completely in the past. Second, the disability must arise out of the erroneous conviction. Third, the potential harm to the petitioner must be more than incidental." *Castano*, 906 F.3d at 463 (emphasis in original) (citations and quotation marks omitted).

Brown claims four different civil disabilities result from his conviction: (1) "reputational harm;" (2) a loss of "economic opportunities;" (3) "the realistic threat of future sentencing hearings treating [him] as a recidivist offender," and (4) "future sanctions through new civil disability statutes." (DE 1611-1 ¶¶ 11-12.) No claim warrants coram nobis relief.

As an initial matter, reputational harm and economic harm cannot constitute civil disabilities for purposes of coram nobis relief. *Waters*, 770 F.3d at 1147-48 ("At most [the defendant] has alleged an injury to reputation, but this is not enough to warrant coram nobis."); *see United States v. Sloan*, 505 F.3d 685, 698 (7th Cir. 2007) ("[F]inancial injury cannot be classified as the sort of civil disability that can support the issuance of the writ of coram nobis."); *United States v. Keane*, 852 F.2d 199, 203 (7th Cir. 1988) ("Criminal convictions sometimes produce financial penalties . . . but these do not entail continuing legal effects of a judgment."); *United States v. Medley*, No. 88 CR 297, 2015 WL 6501207, at *4 (N.D. Ill. Oct. 27, 2015) ("[The defendant's] economic, social and professional harm are not considered legal disabilities.") (citation and quotation marks omitted). Even if proven, Brown cannot base his petition on those alleged harms. To the extent that Brown relies upon

3

reputational harm or loss of economic opportunity to prove an ongoing civil disability, his petition is dismissed.

As for his remaining allegations of harm, Brown has not sufficiently shown an ongoing civil disability because his petition does not fulfill the first prong of the test. He offers no evidence that any civil disability *presently* affects him as opposed to affecting him in the past or potentially in the future. Indeed, the two remaining civil disabilities explicitly reference "future" harms—the "threat of future sentencing hearings" and "future sanctions through new civil disability statutes." Such future-oriented harms are "purely speculative" and therefore do not fall within the purview of coram nobis relief. *Castano*, 906 F.3d at 463.

Brown's claims of civil disability are also speculative because they are unsubstantiated. Beyond his conclusory allegations, Brown does not provide any specific facts demonstrating that he is experiencing these civil disabilities or that those disabilities cause him identifiable harm. *United States v. Henton*, No. 19-1872, 2020 WL 4558842, at *2 (6th Cir. Mar. 10, 2020) (affirming denial of petition where the defendant's allegation that he was "suffering from an ongoing civil disability due to a purported sentence as a career offender" was "conclusory"); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) ("Moreover, [the defendant] has failed to allege with any specificity what lingering civil disabilities he continues to suffer as a result of his [conviction.]"). While "one [i]njury rising to the level of a civil disability is an enhanced penalty for a recidivist offender," Brown does not indicate that he has received subsequent convictions that resulted in enhanced penalties. *Castano*, 906 F.3d 458, 463 (explaining that a harm was "speculative" if an enhanced penalty had not been imposed). He does not specify a civil disability statute that subjects him to sanctions. Without adequate proof that Brown faces an ongoing civil disability, the Court cannot afford him such an extraordinary remedy.

Because Brown's failure to meet the first prong of the test forecloses his petition in its entirety, the Court will not reach the remainder of the three-part test. Accordingly, the Court denies Brown's petition for a writ of coram nobis.

### III. Conclusion

The Court hereby ORDERS that Defendant Mark Edmond Brown, Jr.'s petition for a writ of coram nobis is DENIED. (DE 1611.)

This 17th day of October, 2022.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY