UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> v. <br><br> MARK EDMOND BROWN, JR., <br>     Defendant. | CRIMINAL ACTION NO. 5:12-79-KKC-4 <br><br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Mark Edmond Brown, Jr.'s motion for the Court to reconsider its October 17, 2022 Order and Opinion denying his second petition for a writ of coram nobis. (DE 1618; DE 1620.) For the following reasons, Brown's motion (DE 1620) is denied.

\*\*\* \*\*\* \*\*\*

"[C]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Guzman*, Criminal Case No. 5:16-CR-41-JMH-EBA, 2019 WL 4418015, at \*2 (E.D. Ky. Sept. 16, 2019) (citation and quotation marks omitted). The standard for a motion to reconsider under Rule 59(e) is "necessarily high." *Hewitt v. W. & S. Fin. Grp. Flexibly Benefits Plan*, Civil Action No. 16-120-HRW, 2017 WL 2927472, at \*1 (E.D. Ky. July 7, 2017). A court may only grant a Rule 59(e) motion if the moving party shows (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

1

The Court denied Brown's petition for his failure to show that he is suffering an "ongoing civil disability" resulting from his conviction. (DE 1618 at 4.) Brown now challenges that decision on three separate grounds: (1) the Court denied the petition before receiving a response from the Government and holding an evidentiary hearing; (2) Brown is suffering from the present harm of his inability to own or possess a firearm following his conviction; and (3) his conviction itself is a disability. (DE 1620 at 1-2.) No ground is sufficient for the Court to grant Brown's motion.

First, the Court has the power to dismiss a petition for a writ of coram nobis *sua sponte* without a Government response, as it did here, where the petition clearly lacks merit on its face. *See Warden v. United States*, Civil Action No. 1:13CV-P20-R, 2013 WL 4096915, at *3 (W.D. Ky. Aug. 13, 2013) (stating that a petition for a writ of coram nobis was "subject to dismissal *sua sponte*"); *see also United States v. Brimage*, Criminal Action No. 95-10046-PBS, Civil Action No. 12-11592-PBS, 2012 WL 5398471, at *4 (D. Mass. Oct. 31, 2012) (dismissing a petition for a writ of coram nobis *sua sponte*); *United States v. Dilks*, Criminal Action No. 7:93-cr-00091, 2009 WL 528615, at *2 (W.D. Va. Feb. 27, 2009) ("The court may consider *sua sponte* whether the extraordinary relief of a writ of error coram nobis is proper."); *Grant v. Lantz,* No. 3:05CV1756(MRK), 2006 WL 1662896, at *3 (D. Conn. June 1, 2006) ("[I]t is proper for the Court to consider *sua sponte* whether coram nobis relief would be proper.") Similarly "evidentiary hearings are not required when, as here, the record conclusively shows that the petitioner is entitled to no relief." *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Therefore, the Court will not grant the motion on this basis.

Next, whether an individual's inability to own or possess a firearm constitutes a civil disability is unclear. *See, e.g., United States v. Harrison*, CASE NO. 6:99-cr-2(1), 2013 WL 12373979, at *2 (E.D. Tex. Nov. 20, 2013) ("Therefore, Defendant's inability to vote, own a

firearm or pursue a certain profession does not support finding a continuing civil disability."). *But see Howard v. United States*, 962 F.2d 651, 655 (7th Cir. 1992) ("We have previously noted that the loss of the right to bear arms could be the type of civil disability conferring coram nobis jurisdiction."); *Nowlin v. United States*, 81 F. Supp. 3d 514, 522 (N.D. Miss. 2015) ("As [Defendant] has alleged loss of his Second Amendment right to keep and bear arms[,] he has shown sufficient adverse consequences (loss of civil rights) to support the instant petition for a writ of coram nobis."). However, Brown never alleged that his inability to own or possess a firearm was a civil disability in his original petition, even though that argument was available to him. "[P]arties cannot use a motion [to reconsider] to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). Therefore, the Court denies the motion as to this ground.

Finally, "[a] conviction is a black mark, but that is not a civil disability." *United States v. Keane*, 852 F.2d 199, 204 (7th Cir. 1988). Thus, to the extent that Defendant's motion hinges on his argument that his conviction is a civil disability, that argument fails as a matter of law. In any event, Brown could have raised this argument in his initial petition, and a motion to reconsider is not the place to "raise new legal arguments." *See Roger Miller Music, Inc.*, 477 F.3d at 395. Accordingly, this argument is not a basis for the Court to grant Defendant's motion to reconsider.

*** *** ***

For the foregoing reasons, the Court hereby ORDERS that Mark Edmond Brown, Jr.'s motion for the Court to reconsider its October 17, 2022 Order and Opinion (DE 1620) is DENIED.

3

This 26th day of January, 2023.

/s/ Karen K. Caldwell
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY